UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 08-104 (JDB) |
| : | |
| GERRY COFFEE : | **FILED** |
| : | |
| Defendant. : | MAY 1 4 2008 |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

### STATEMENT OF THE OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, defendant Gerry Coffee agrees and stipulates as follows:

The United States Department of Housing and Urban Development ("HUD") funds a Housing Choice Voucher Program ("HCVP," sometimes referred to as "Section 8") administered through the District of Columbia Housing Authority ("DCHA"), a District of Columbia agency. This program enables low-income families, the elderly and disabled who meet specific criteria to reside in privately-owned housing free of charge or at a reduced rent. HCVP applicants must complete and submit an application to DCHA in which applicants disclose their household composition, income, net family assets, and allowances and deductions. As part of the application, applicants sign a form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law. Based upon the information submitted in an application, including reported income and household composition, authorities from DCHA determine whether an applicant is eligible for HCVP subsidies and whether DCHA will partially or fully fund an applicant's rent. Once selected to participate in the HCVP, tenants are required to re-certify annually their eligibility to participate in the program by completing an annual

recertification form and providing documents verifying their household composition, income, net family assets, and allowances and deductions. Tenants are required to sign the recertification form certifying the information they provide is accurate and complete, and acknowledging their understanding that any false statements or information they provide are punishable under federal and state law.

On February 11, 2003, defendant Coffee signed and certified a "Statement of Family Composition and Income" in which he stated that he was not receiving any income or benefits. On that same date, he signed and certified a "Zero Income Statement" indicating that he was not receiving income from any source whatsoever, and signed and certified an Assets Certification indicating that he had no bank accounts or other assets. On or about that date, defendant Coffee moved into his apartment at                                   Washington, D.C. As a result of defendant's February 2003 report, DCHA paid defendant Coffee's landlord the full amount of defendant Coffee's rent ($573 per month). In addition, DCHA paid defendant Coffee $89 per month as a utility reimbursement.

Over the course of the next three years, from February 2003 until June 2006, defendant Coffee continued to report to DCHA through a series of signed and certified documents that he had no income or benefits and no assets. Starting on June 29, 2003, defendant Coffee began employment at a series of jobs at the Industrial Bank, Bowie State University, and the U.S. Air Force, for which he was paid, but which income and resulting assets he never reported to DCHA until June 16, 2006. Specifically, defendant Coffee knowingly submitted certifications to DCHA that contained false income information in September 2003, October 2004, and May 2006. That is, Gerry Coffee executed a fraudulent scheme to willfully obtain public assistance, that is, an

amount of public assistance greater than that to which he was entitled, from DCHA by submitting an application and annual recertification forms in which Gerry Coffee failed to report the income he received from the Industrial Bank, Bowie State University and the U.S. Air Force, which false certifications resulted in DCHA fully funding Gerry Coffee's rent and providing him with utility reimbursements.

On three occasions beginning in September 2003, up to and including May 2006, Gerry Coffee submitted certification forms in which he failed to report the annual income he received.

* On September 29, 2003, Gerry Coffee completed and signed a "Recertification Checklist" in which he falsely reported that he had not received or earned any money from any source and that had not been employed. On that same date, Gerry Coffee signed a "Zero Income Statement" in which he certified that he understood "that I must report any changes in income status." Contrary to these false representations, as defendant Coffee knew, he had earned $4,430.25 working at the Industrial Bank from June 29, 2003 until August 29, 2003.

* On October 4, 2004, Gerry Coffee completed and signed a "Recertification Checklist" in which he falsely reported that he had not received or earned any money from any source and that had not been employed. On that same date, Gerry Coffee signed a "Zero Income Statement" in which he certified that he was not receiving any income from any source and that he understood "that I must report any changes in income status." Contrary to these false representations, as defendant Coffee knew, he had earned $4694.21 working at Bowie State University from December 23, 2003, until May 23, 2004, and had earned $18,024.60 working for the U.S. Air Force from May 17, 2004, until December 31, 2004.

* On May 31, 2006, Gerry Coffee completed and signed a "Recertification Checklist" in which he falsely reported that he had not received or earned any money from any source and that had not been employed. In the same document, he falsely certified that he did not have any assets or bank accounts. On that same date, Gerry Coffee signed a "Zero Income Statement" in which he falsely certified that he was not receiving any income from any source and that he understood "that I must report any changes in income status." Contrary to these false representations, as defendant Coffee knew, he had earned $41,374.11 working for the U.S. Air Force from January 1, 2005, until December 31, 2005, and had earned $20,976.80 working for the U.S. Air Force from January 1, 2006, until

June 11, 2006. Moreover, Gerry Coffee also knew at that he had purchased a residential property located at                              Baltimore, MD, on August 1, 2005, for $57,000, and that he owned a 2002 ES300 Lexus which was registered in his name at that home.

As a result of Gerry Coffee's fraudulent scheme, and in reliance on his false statement of family composition and income, DCHA fully funded Gerry Coffee's rent in an amount greater than he was eligible to receive, and Gerry Coffee knowingly converted the money for his own use. Had Gerry Coffee reported his true income, DCHA would have reduced or eliminated the amount of public assistance provided to him.

On or about September 7, 2006, Special Agents of HUD, Office of Inspector General ("OIG"), interviewed Gerry Coffee after OIG discovered the fraudulent recertification forms. Gerry Coffee admitted that on multiple occasions he submitted fraudulent recertification forms in which he failed to report his income from Industrial Bank, Bowie State University and the U.S. Air Force.

Through his scheme, Defendant Coffee has caused the loss of approximately $20,580 of HUD funds to DCHA.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney
                for the District of Columbia

By: _____
                DAVID P. SAYBOLT
                Assistant U.S. Attorney
                VA Bar #44518
                555 4th Street, N.W.
                Washington, D.C. 20530
                (202) 307-6080
                David.Saybolt@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense.

Date: 5/14/08

_____
Gerry Coffee
Defendant

I have discussed this Statement of Offense with my client, Gerry Coffee.

Date: 5/14/08

_____
Gary Sidell, Esq.
Counsel for the Defendant