

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

**FILED**

1 4 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St , N.W*
*Washington, D C  20530*

April 4, 2008

08-104 (JDB)

**Via Facsimile (202-331-9666) and**
**First-Class Mail**

Gary Sidell, Esq.
1776 K Street, NW
Suite 800
Washington, DC 20006

         Re:     <u>Gerry Coffee - Violations of 18 U.S.C. §287</u>
                <u>& D.C. Code § 4-218.01(a)</u>

Dear Mr. Sidell:

       This letter sets forth the full and complete plea offer to your client, Gerry Coffee, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on **Tuesday, April 15, 2008**. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

    <u>**Charges and Statutory Penalties**</u>

       1.     Your client agrees to plead guilty to Count II of a two-count Information which charges him with False Claims, in violation of 18 U.S.C. § 287 (Count I), and Fraud in Obtaining Public Assistance, in violation of D.C. Code § 4-218.01(a) (Count II). By pleading guilty pursuant to this plea agreement, your client hereby waives his right to trial by jury on any issues relevant to guilt or sentencing. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by your client and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

       2.     Your client understands that the maximum sentence that can be imposed is one year imprisonment, a fine of $500, or both pursuant to D.C. Code § 4-218.01, a $50 payment to the Crime Victims Compensation Fund pursuant to D.C. Code § 4-516(a), and disqualification from receiving

certain welfare benefits.

3. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of the Offense. In addition, at the time of sentencing, the Government will move to dismiss the remaining count of the Information charging your client in this case. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Restitution and Financial Arrangements

5. Your client agrees to pay restitution in the amount to be determined by the Court. Restitution is payable immediately unless ordered otherwise by the Court. Your client also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

### Sentencing Allocution

6. The government retains its right to allocute at the time of sentencing. In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter.

### Release Pending Sentencing

7. Your client acknowledges that while the government will not oppose your client's release pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the government may move to change your client's conditions of release.

### Breach of Agreement

8. Your client understands and agrees that if, after entering this Plea Agreement, your client engages in any criminal activity prior to sentencing, your client will have breached this Plea

Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

9.   Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

10.   Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

11.   Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

12.   It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution related to the attached "Statement of Offense" that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution related to the attached "Statement of Offense" that is not time-barred on the date that this Agreement is signed.

**Waiver of Right to DNA Testing**

13. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**Complete Agreement**

14. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

15. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the Untied States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

16. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
United States Attorney

By: David P. Saybolt
Assistant United States Attorney
Virginia Bar #44518
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4840
Washington, D.C. 20530
(202) 307-6080
David.Saybolt@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read all 5 pages of this plea agreement ~~and have discussed it with my attorney, Gary Sidell, Esq~~ I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5/14/08

_____
Gerry Coffee
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the 5 pages constituting this plea agreement, ~~reviewed them with my client, and discussed the provisions of the agreement~~ with my client, ~~fully~~ These pages accurately and completely sets forth the entire plea agreement.

Date: 5/14/08

_____
Gary Sidell, Esquire
Attorney for the Defendant