UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 08-104 (JDB) |
| | : | |
| GERRY COFFEE | : | |

MEMORANDUM IN SUPPORT OF SENTENCE

Pursuant to the provisions of F. R. Cr. P. 49 and L. Cr. R. 49.1, defendant Gerry Coffee, by his attorney, Gary M. Sidell, hereby submits his memorandum in support of sentence. Mr. Coffee is currently scheduled to be sentenced on Friday, July 18, 2008, at 10:00 a.m. for this, his only involvement with any criminal justice system. At his sentencing, Mr. Coffee expects to request that Honorable Court impose, as its sentence, a fine payable to the District of Columbia in order to conclude this case without further involvement by any court-related agencies such as the probation office. Mr. Coffee bases his anticipated request on both his prompt acceptance of the plea offer extended in this matter, as well as his full payment of restitution ($20,580.00)[1] which was made at the time of his May 14, 2008 plea. This memorandum will present Mr. Coffee's proffered justification for his proposal.

1.     On May 14, 2008, Mr. Coffee entered a guilty plea to a single count of the local District of Columbia offense of fraud in obtaining public assistance, in violation of D.C. Code 4-218.01(a), as included in a two (2) count Information. A federal charge of False Claims, in

---

[1] Mr. Coffee was able to provide payment for the full amount of restitution due to a loan he secured from the Navy Federal Credit Union ("NFCU"). See, Presentence Investigation Report ("PSR"), @ ¶ 40, page 10 (Unsecured Debts).

violation of 18 U.S.C. 287, will be dismissed at the time of sentencing pursuant to the terms of Mr. Coffee's plea agreement.

    2.    Imposition of a criminal sentence must consider a variety of factors, detailed in 18 U.S.C. § 3553, in order to fulfill the following four (4) traditional objectives:

    (A) imposition of just punishment for committing the offense;

    (B) provision of adequate deterrence to criminal conduct;

    (C) protection of the public from further crimes by the defendant; and

    (D) provision of needed education or vocational training, medical care or other corrective treatment to the defendant.   18 U.S.C. § 3553(a)(2).

    3.    Since the sentence to be imposed on Mr. Coffee results from a local District of Columbia offense, we submit that the United States Sentencing Guidelines are inapposite. Moreover, the local, and voluntary, Superior Court Sentencing Guidelines ("Superior Guidelines") are applicable only to felonies, not misdemeanors such as the offense at issue in this case. See, Superior Guidelines @ § 1.3; see also, § 1.2.3; SCR-Criminal Rule 1(b)(1), (2).   Therefore, the sentence to be imposed is one determined exclusively by this Honorable Court within the statutory limitations of a $500.00 fine and up to one (1) year in jail.

    4.    In achieving the four (4) objectives listed above, various considerations of both the nature and circumstances of the offense, as well as the characteristics of the defendant must be evaluated.  Mr. Coffee submits that the main, if not sole, consideration relevant in assessing the appropriate sentence here is the first listed above, that of punishment.  In evaluating that particular consideration, Mr. Coffee, at 27 years of age, states that he has no prior criminal justice system involvement anywhere.  Indeed, Mr. Coffee has created for himself, with the exception of this case, a most favorable record for both employment and education, particularly in light of the

substantial lack of immediate family support he received growing up, as more specifically detailed in the PSR @ ¶¶ 17-21, at pages 6-7.  Mr. Coffee has obtained already a masters degree and expects to obtain his doctorate in educational leadership in May, 2009 from Bowie State University.  Additionally, Mr. Coffee has been able to obtain a variety of progressively more responsible employment positions leading to his current job with the Internal Revenue Service as a program manager where he has worked for nearly the past two (2) years.  The Deputy Director of Mr. Coffee's area of employment is aware of the particulars of this case, has reported that he has done well with his responsibilities, as reflected by his performance evaluations, and has "no concerns to report in regards to theft and/or fraud."  See, PSR @ ¶ 35, page 8.  At the time of sentencing, Mr. Coffee expects to be able to provide to this Honorable Court correspondence from his employment supervisor.  Mr. Coffee has been able to secure for himself a variety of jobs during his academic terms, as well as during the summers between those terms, demonstrating a notable progression of responsibility.  These positions began with his job as a bank teller earning $8.00 per hour with the Industrial Bank of Washington and have resulted in his current managerial position.

     5.     Mr. Coffee has had a single experience at age 21 with a controlled substance, marijuana, more than six (6) years ago.  He has not involved himself further with controlled substances since that time, undoubtedly due, in part, to his childhood experiences.  His recent drug test last month produced a negative result for controlled substances.  Additionally, Mr. Coffee consumes alcohol occasionally but not to the point of excess.  There is no information in his background to contradict this conclusion.

     6.     Imposition of the fourth factor, including educational or vocational training and medical care to the defendant, is unnecessary in light of Mr. Coffee's long-term employment and

advanced degrees. Since the age of majority, Mr. Coffee has been, basically, independent. He has obtained, already, one post-graduate degree while nearly having completed a second. We submit that any requirement for either additional education beyond a doctorate degree, or some form of vocational training would be a misallocation of scare government resources in light of Mr. Coffee's individual accomplishments already in hand.

    7.    Finally, Mr. Coffee's financial situation may raise some questions. Currently, he has a negative net worth. This results primarily from his student loans and the loan from the NFCU that he obtained in order to make his payment of restitution in this case. Although Mr. Coffee has been able to buy his residence, he did so with a mortgage for the entire (100%) purchase price of his home. Notwithstanding his negative net worth, Mr. Coffee's income has demonstrated significant increases with each successive job he has obtained. We suggest that Mr. Coffee's current, and anticipated income, was the driving force for approval of his mortgage and NFCU loan, notwithstanding his negative net worth. Indeed, after completion of his doctorate in ten (10) months, it is fair to expect a further increase in his income, thus enabling him to reduce his liabilities. In short, Mr. Coffee does not need to obtain further educational or vocational training and, therefore, the sentence to be imposed here we suggest need not include any such component.

    6.    We submit, therefore, that punishment is the principal, if not sole, consideration in imposing a sentence in this case. Mr. Coffee has seen, for the first time, the severe consequences of his criminal conduct by not only the prosecution of this case, and the eye-opening booking process, but will continue to be adversely effected by it due to his obligation to repay the loan used to provide the restitution payment. Short of winning the lottery, Mr. Coffee will spend many years repaying this loan which will serve as a constant reminder of the adage "crime doesn't pay." We

submit that this factor alone will provide a significant punishment far in excess of any prison sentence.  More importantly, Mr. Coffee will now carry a fraud conviction with him.  This information will, undoubtedly, need to be disclosed on future job applications which poses a serious risk of an unsuccessful application.  As a result, his areas and possibilities of future employment will be restricted courtesy of his conviction here.

7. As a sentence, we propose that Mr. Coffee pay the maximum fine applicable, in addition to "court costs" of $50.00.  We make this proposal so that Mr. Coffee may continue with him current employment, his advanced education and his community service responsibilities since his schedule is now, and for the foreseeable future, quite full and time consuming.  While Mr. Coffee does not have a spare $500.00 lying around, he is prepaid to obtain it, lawfully, in order to satisfy both a fine and "court costs" so that this chapter in his life may be concluded.

For the foregoing reasons, and any others which may be presented at the July 18, 2008 sentencing hearing, Mr. Coffee submits that his proposal here would be a reasonable sentence to impose upon him in this case.

                                              Respectfully submitted,

                                              _____/s/_____
                                              Gary M. Sidell
                                              1776 K Street, NW
                                              Suite 800
                                              Washington, D.C. 20006
                                              D.C. Bar No. 961847
                                              202-783-0060
                                              Attorney for Defendant Gerry Coffee

CERTIFICATE OF SERVICE

I hereby certify that I have served this 9th day of July, 2008, a copy of the foregoing pleading upon Assistant United States Attorney Debra Long-Doyle, Esq. by ECF.

_____/s/_____
Gary M. Sidell